**Robert S. LUTZKER, Appellant,**

v.

**Catherine PLET, Appellee.**

No. 87–1320.

United States Court of Appeals, Federal Circuit.

April 6, 1988.

John Kurucz, Kane, Dalsimer, Kane, Sullivan and Kurucz, New York City, argued for appellant.

Bradford J. Duft, Lyon and Lyon, Los Angeles, Cal., argued for appellee.

Before SMITH, NIES and ARCHER, Circuit Judges.

ARCHER, Circuit Judge.

This is an appeal from the decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences (Board), awarding priority of invention to the senior party, Catherine Plet (Plet), on the ground that the junior party, Robert S. Lutzker (Lutzker), had suppressed or concealed the invention within the meaning of 35 U.S.C. § 102(g) (1982) and on the ground that Lutzker failed to comply with the duty of disclosure required by 37 C.F.R. § 1.56(a). We affirm on the basis of the suppression and concealment and do not consider the failure to comply with section 1.56(a).

### Background

The invention at issue is a device for making canapes. Lutzker introduced into

evidence before the Board a drawing showing every element of the invention of the count in issue. The drawing is dated February 1, 1976 and is signed by Lutzker and witnessed by his wife, his step daughter, and two friends. The Board found that Lutzker established conception of the invention as of February 1, 1976 on the basis of this disclosure. The Board further found that Lutzker established an actual reduction to practice of his invention by the end of March 1976. A commercially acceptable version of his invention was disclosed to the public at a July 14, 1980 Housewares Show. Lutzker filed a patent application on November 24, 1980.

Plet's invention was constructively reduced to practice on the effective filing date of her patent application (March 3, 1980), i.e., the filing date of Plet's parent application. The Board found that Plet "established a date of conception no later than August 17, 1979."

With respect to Lutzker's delay in making his invention publicly known, the Board stated that

> [t]he period from ... [Lutzker's] reduction to practice in March 1976 to the date of the show is over 51 months and is clearly such an unreasonable length of time that it raises an inference of suppression on the part of Lutzker.... Thus, the burden falls on Lutzker to excuse, explain or justify the delay.

The Board determined that Lutzker's activities during this period were insufficient to overcome the inference of suppression of the invention because they were "directed primarily toward commercializing the invention." Moreover, the board found that Lutzker's actions "involve a deliberate policy on his part not to disclose his invention to the public until he is ready to go into commercial production."

The Board recognized that "Lutzker could still prevail on the question of priority if he could show ... [renewed activity] during the critical period from just prior to Plet's entry into the field until Lutzker's November 24, 1980 filing date." The Board found, however, that "the renewed activities relied upon by Lutzker did not

start until after Plet entered the field" and therefore that "Lutzker is not entitled to prevail on the basis thereof."

## OPINION

Generally, the party who establishes that he is the first to conceive and the first to reduce an invention to practice is entitled to a patent thereon. However, the second party to conceive and reduce the same invention to practice will be awarded priority of invention if he can show that the first party to reduce to practice abandoned, suppressed or concealed the invention. 35 U.S. C. § 102(g); *Paulik v. Rizkalla,* 760 F.2d 1270, 226 USPQ 224 (Fed.Cir.1985).

The Board found that Lutzker was the first to conceive and first to reduce the invention to practice, but that he suppressed or concealed his invention after his reduction to practice. There are two ways in which Lutzker can be awarded priority with respect to the count at issue: (1) by showing that the Board erred in finding that he suppressed or concealed his invention; or (2) by showing that the board erred in finding that he had not resumed work on the invention which was the subject of his patent application from a time prior to Plet's entry into the field. *See Brokaw v. Vogel,* 429 F.2d 476, 480, 166 USPQ 428, 431 (CCPA 1970) ("whether there was suppression of [sic] concealment under the statute is an ultimate conclusion of law").

In *Correge v. Murphy,* 705 F.2d 1326, 1330, 217 USPQ 753, 756 (Fed.Cir. 1983) (quoting *International Glass Co. v. United States,* 408 F.2d 395, 403, 159 USPQ 434, 441 (Ct.Cl.1968)), the court held:

> The courts have consistently held that an invention, though completed, is deemed abandoned, suppressed, or concealed if, within a reasonable time after completion, no steps are taken to make the invention publicly known. Thus, failure to file a patent application; to describe the invention in a publicly disseminated document; or to use the invention publicly, have been held to constitute abandonment, suppression or concealment.

Moreover, when there is an unreasonable delay between the actual reduction to practice and the filing of a patent application, there is a basis for inferring abandonment, suppression or concealment. *Horwath v. Lee*, 564 F.2d 948, 951–52, 195 USPQ 701, 705 (CCPA 1977). The inventor's activities during the delay period may excuse the delay (e.g., he may have worked during that period to improve or perfect the invention disclosed in the patent application). *Id.* at 952, 195 USPQ at 705; *Young v. Dworkin*, 489 F.2d 1277, 1281 n. 3, 180 USPQ 388, 391–92 n. 3. (CCPA 1974); *Frey v. Wagner*, 87 F.2d 212, 215, 32 USPQ 239, 242 (CCPA 1937) ("The law does not punish an inventor for attempting to perfect his process before he gives it to the public.")

■ Lutzker reduced his invention to practice by the end of March 1976, but his first public disclosure was in July 1980. The Board correctly found this delay of approximately fifty-one months was unreasonably long and sufficient to give rise to an inference of an intent to abandon, suppress, or conceal the invention. *See, e.g., Paulik v. Rizkalla*, 760 F.2d at 1273–75, 226 USPQ at 226–27 (four-year delay constitutes prima facie suppression); *Peeler v. Miller*, 535 F.2d 647, 653–54, 190 USPQ 117, 122–23 (CCPA 1976) (a four-year delay is "prima facie, unreasonably long" and creates an inference of intent to suppress); *Shindelar v. Holdeman*, 628 F.2d 1337, 1342–43, 207 USPQ 112, 117 (CCPA 1980), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2317, 68 L.Ed.2d 841 (1981) (two-year and five month delay between reduction to practice and the filing of an application is prima facie unreasonable).

■ An inference of suppression or concealment may be overcome with evidence that the reason for the delay was to perfect the invention. See, for example, *Dewey v. Lawton*, 347 F.2d 629, 632, 146 USPQ 187, 189–90 (CCPA 1965), which permitted "testing and refinement" of the invention for more than one year after reduction to practice; and *Schnick v. Fenn*, 277 F.2d 935, 941–42, 125 USPQ 567, 573–74 (CCPA 1960), which permitted a delay of about eleven months after reduction to

practice while "continuing 'the development of the best design' " in further perfecting the invention. When, however, the delay is caused by working on refinements and improvements which are not reflected in the final patent application, the delay will not be excused. *See Horwath v. Lee*, 564 F.2d at 952, 195 USPQ at 706. Further, when the activities which cause the delay go to commercialization of the invention, the delay will not be excused. *See Fitzgerald v. Arbib*, 268 F.2d 763, 766, 122 USPQ 530, 532 (CCPA 1959).

■ Lutzker attempts to overcome the inference of suppression or concealment on the basis that during the fifty-one months between reduction to practice and public disclosure he worked to improve his invention. He argues that he was

continuously active from the time of reduction to practice as evidenced by hand made models falling within the count of the interference, to commercial release of the invention. This activity involved various aspects of preparing molds for the inventive product and perfecting several different shapes of the inventive canape maker for commercial release.

The Board noted that "[o]ther activities relied upon by Lutzker include the development of a recipe book to be sold along with the canape maker ... and the development of a blister card on which to package the canape maker for sale."

With respect to these contentions, the Board found:

There is nothing in Lutzker's application disclosure regarding the production molds, the recipe book or the blister card and, accordingly, we do not believe that any of those activities may properly be relied upon to excuse or justify any part of the period of delay under consideration. Those activities satisfied Lutzker's stated policy of not filing a patent application until his invention was ready to be released commercially, but they are not in accord with the policy of early public disclosure expected of those desiring to reap the benefits of the patent system.

\*   \*   \*   \*   \*   \*

Lutzker ... did not attempt to change the construction of the invention in issue

after the ... reduction to practice in March 1976.... [T]he final version ... [of the invention] has the same construction as the first reduction to practice.

We have not been shown that these factual determinations are clearly erroneous. Since Lutzker's activities were directed to commercialization of his invention and since none of his activities were reflected in his patent application, such activities will not excuse the delay or rebut the presumption of suppression or concealment. *See Horwath v. Lee*, 564 F.2d at 952, 195 USPQ at 706; *Fitzgerald v. Arbib*, 268 F.2d at 766, 122 USPQ at 532. Moreover, in this case the Board also found that "Lutzker's actions ... constitute more than an inference of suppression or concealment" because of his deliberate policy not to disclose his invention to the public until he is ready to go into commercial production. Such a policy is evidence of an intent to suppress or conceal the invention under 35 U.S.C. § 102(g). *Young v. Dworkin*, 489 F.2d at 1281–82, 180 USPQ at 392.

■ Lutzker could still have prevailed in the interference if he had demonstrated "that he had renewed activity on the invention and that he proceeded diligently to filing his patent application, starting before" Plet's entry into the field. *Paulik v. Rizkalla*, 760 F.2d at 1273, 226 USPQ at 225–26. Lutzker's renewed efforts, as the Board found, did not begin prior to Plet's entry into the field. The final or finished version of the canape maker, which was to be released commercially, was shown by Lutzker to his attorney on March 3, 1980. However, on the same date Plet filed her patent application on the invention which she conceived several months earlier. We have not been shown that the Board's findings are clearly erroneous. Lutzker therefore cannot prevail on the basis of his renewed activity.

We conclude that the Board did not err in awarding priority to Plet. We need not consider Lutzker's failure to comply with 37 C.F.R. § 1.56(a).

AFFIRMED.